1  John J. Rice, Esq. (Bar No. 140865)
2  ricej@higgslaw.com
   N. Jessica Lujan, Esq. (Bar No. 312394)
3  lujanj@higgslaw.com
4  **HIGGS FLETCHER & MACK LLP**
   401 West "A" Street, Suite 2600
5  San Diego, California 92101-7913
   Telephone: 619.236.1551
6  Facsimile:  619.696.1410
7
8  Attorneys for Defendant
   Management & Training Corporation
9

10              **UNITED STATES DISTRICT COURT**

11            **SOUTHERN DISTRICT OF CALIFORNIA**

12

13  CARLOS MURILLO VEGA,               CASE NO. 3:21-CV-01770-GPC-RBM

14            Plaintiff,               **DEFENDANT MANAGEMENT &**
                                       **TRAINING CORPORATION'S**
15  v.                                 **ANSWER TO PLAINTIFF'S**
                                       **COMPLAINT**
16
    MANAGEMENT & TRAINING
17  CORPORATION,                       [ECF No. 12]

18            Defendant.               Complaint Filed: October 14, 2021
19
20                                     Ctrm:          2D
                                       Judge:         Gonzalo P. Curiel
21                                     Magistrate Judge:  Ruth Bermudez
                                                          Montenegro
22

23

24  /././

25  /././

26  /././

27  /././

28  /././

HIGGS FLETCHER &
MACK LLP        10639227.1                          CASE NO. 3:21-CV-01770-GPC-RBM
ATTORNEYS AT LAW
SAN DIEGO

1   Defendant Management & Training Corporation ("MTC"), by and through its
2   undersigned counsel, hereby responds to the Complaint for Violation of Cal. Gov.
3   Code Section 7320, Negligence, and Intentional Infliction of Emotional Distress
4   [ECF No. 1] (the "Complaint") filed by Plaintiff CARLOS MURILLO VEGA
5   ("Plaintiff"), and states as follows:

6                           **INTRODUCTION**

7        1.      MTC lacks sufficient information or belief to admit or deny the
8   allegations set forth in Paragraph 1 of the Complaint.

9        2.      MTC admits that MTC is a private corporation that operates the Imperial
10  Regional Detention Facility pursuant to a contract with U.S. Immigration & Customs
11  Enforcement.  MTC admits Mr. Murillo was held at the Imperial Regional Detention
12  Facility.  MTC denies the remaining allegations set forth in Paragraph 2 of the
13  Complaint.

14       3.      MTC denies the allegations set forth in Paragraph 3 of the Complaint or
15  that it has engaged in any wrongful conduct so as to give rise to any claims asserted
16  by Plaintiff here, or otherwise.

17       4.      MTC admits that Mr. Murillo was held for over a year.  MTC denies
18  that it has engaged in any wrongful conduct so as to give rise to any claims asserted
19  by Plaintiff here, or otherwise.  MTC lacks sufficient information or belief to admit
20  or deny the allegations regarding any studies set forth in Paragraph 4 of the
21  Complaint.

22
23
24
25
26
27
28

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

10639227.1                          2                    CASE NO.  3:21-CV-01770-GPC-RBM

5.      MTC denies that it has engaged in any wrongful conduct so as to give rise to any claims asserted by Plaintiff here, or otherwise.   MTC admits that California Government Code Section 7320 provides that "if a private detention facility operator, or agent of a private detention facility, or person acting on behalf of a detention facility operator, commits a tortious action which violates subdivision (a), an individual who has been injured by that tortious action may bring a civil action for relief. In civil actions brought pursuant to this section, the court, in its discretion, may award the prevailing plaintiff reasonable attorney's fees and costs, including expert witness fees." MTC lacks sufficient information or belief to admit or deny the remaining allegations set forth in Paragraph 5 of the Complaint.

6.      MTC denies that it has engaged in any wrongful conduct so as to give rise to any claims asserted by Plaintiff here, or otherwise.

## JURISDICTION AND VENUE

7.      MTC admits that in this action, Plaintiff attempts to assert damages in excess of $75,000.  MTC admits it is a Delaware Corporation.  MTC lacks sufficient information or belief to admit or deny the remaining allegations set forth in Paragraph 7 of the Complaint.

8.      MTC lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 8 of the Complaint.

9.      MTC admits the allegations set forth in Paragraph 9 of the Complaint.

10.      MTC denies that it has engaged in any wrongful conduct so as to give rise to any claims asserted by Plaintiff herein, or otherwise.  MTC admits it is subject to personal jurisdiction in this district.

## THE PARTIES

11.      MTC admits Plaintiff was detained in a Special Management Unit at Imperial Regional Detention Facility in Calexico, California from December 2019 to February 2021.   MTC denies that Plaintiff was in solitary confinement from December 2019 to February 2021.

12.     MTC lacks sufficient information or belief to admit or deny that all MTC employees were acting within the scope of their employment at all times relevant to this Complaint.  MTC admits the remaining allegations set forth in Paragraph 12 of the Complaint.

## FACTS

13.     MTC admits Plaintiff was taken into ICE custody.  MTC lacks sufficient information or belief to admit or deny the remaining allegations set forth in Paragraph 13 of the Complaint.

14.     MTC admits Imperial is a detention facility run by MTC for-profit. MTC admits it is required to follow ICE's Performance-Based National Detention Standards.   MTC lacks information or belief to admit or deny the remaining allegations set forth in Paragraph 14 of the Complaint.

15.     MTC lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 15 of the Complaint.

16.     MTC admits Mr. Murillo was given a choice regarding housing upon arrival at Imperial.  MTC denies that it has engaged in any wrongful conduct so as to give rise to any claims asserted by Plaintiff herein, or otherwise.  MTC lacks sufficient information or belief to admit or deny the remaining allegations set forth in Paragraph 16 of the Complaint.

17.     MTC denies that it has engaged in any wrongful conduct so as to give rise to any claims asserted by Plaintiff herein, or otherwise.  MTC admits that detainees in the "general population" at Imperial live in a dormitory, have access to a recreation yard, socialize with each other, and have religious programming, a library and other services.  MTC admits that individuals in "protective custody" are housed separately from those in the "general population."  MTC denies that "protective custody" is "solitary confinement."  MTC denies that detainees in administrative segregation spend twenty-three hours a day alone in a cell.

18.     MTC denies that people in "administrative segregation" live in the same conditions as those in "disciplinary segregation."  MTC denies Mr. Murillo was kept in uninterrupted solitary confinement for more than ten months where he spent up to twenty-three house every day lone in his cell.  MTC denies Mr. Murillo could touch both ends of his cell with both arms stretched out.  MTC denies Mr. Murillo was denied access to the library, other programs, or other services.  MTC denies Mr. Murillo was only allowed a single hour of his cell and deprived from any human interaction.  MTC denies that it has engaged in any wrongful conduct so as to give rise to any claims asserted by Plaintiff herein, or otherwise.

19.     MTC admits Mr. Murillo moved into a different dormitory while maintenance was performed in his unit.  MTC admits Mr. Murillo was allowed fresh air, to socialize with other detainees, to call his family, and go to the library.  MTC denies that it has engaged in any wrongful conduct so as to give rise to any claims asserted by Plaintiff herein, or otherwise.  MTC lacks sufficient information or belief to admit or deny the remaining allegations set forth in Paragraph 19 of the Complaint.

20.     MTC denies MTC and its employees refused to let Plaintiff stay in the dormitory.  MTC denies Mr. Murillo was transferred to solitary confinement.

21.     MTC lacks sufficient information or belief to admit or deny the allegations set forth in Paragraph 21 of the Complaint.

22.     MTC admits Mr. Murillo asked to be moved to the general population dormitory.  MTC denies Imperial staff denied Mr. Murillo's requests.  MTC denies that it has engaged in any wrongful conduct so as to give rise to any claims asserted by Plaintiff herein, or otherwise.

23.     MTC denies Mr. Murillo was kept in solitary confinement.

24.     MTC denies that it has engaged in any wrongful conduct so as to give rise to any claims asserted by Plaintiff herein, or otherwise.

25.     MTC denies it has engaged in any wrongful conduct so as to give rise to any claims asserted by Plaintiff herein, or otherwise.

26.     MTC denies an MTC employee told Mr. Murillo that protective custody was his only safe option.  MTC denies it has engaged in any wrongful conduct so as to give rise to any claims asserted by Plaintiff herein, or otherwise.

27.     MTC denies Mr. Murillo was in solitary confinement.  MTC denies Mr. Murillo did not have access to recreational activities, religious programs, library access, or other programs available to detainees in the general population.  MTC denies it has engaged in any wrongful conduct so as to give rise to any claims asserted by Plaintiff herein, or otherwise.

28.     Portions of Paragraph 28 do not contain any factual allegations that are capable of being admitted or denied.  MTC denies it has engaged in any wrongful conduct so as to give rise to any claims asserted by Plaintiff herein, or otherwise. MTC lacks sufficient information or belief to admit or deny the remaining allegations set forth in Paragraph 28 of the Complaint.

29.     MTC lacks sufficient information or belief to admit or deny the remaining allegations set forth in Paragraph 29 of the Complaint.

30.     MTC admits the Office of the Inspector General ("OIG") conducted an inspection of Imperial.  MTC denies Mr. Murillo was in solitary confinement.  MTC lacks sufficient information or belief to admit or deny the remaining allegations set forth in Paragraph 30 of the Complaint.

31.     MTC denies it has engaged in any wrongful conduct so as to give rise to any claims asserted by Plaintiff herein, or otherwise.

32.     MTC admits the DOJ issued a report dated January 2021 regarding conditions at Imperial.  MTC denies it has engaged in any wrongful conduct so as to give rise to any claims asserted by Plaintiff herein, or otherwise.   MTC lacks sufficient information or belief to admit or deny the remaining allegations set forth in Paragraph 32 of the Complaint.

1    33.    MTC denies it has engaged in any wrongful conduct so as to give rise

2    to any claims asserted by Plaintiff herein, or otherwise.  MTC lacks sufficient

3    information or belief to admit or deny the remaining allegations set forth in Paragraph

4    33 of the Complaint.

5    34.    MTC denies it has engaged in any wrongful conduct so as to give rise

6    to any claims asserted by Plaintiff herein, or otherwise.  MTC lacks sufficient

7    information or belief to admit or deny the remaining allegations set forth in Paragraph

8    34 of the Complaint.

9    35.    MTC denies Mr. Murillo was kept in twenty-three-hour-per-day solitary

10   confinement.  MTC denies Mr. Murillo did not have programming, recreation, or

11   adequate medical and mental health services.  MTC denies it has engaged in any

12   wrongful conduct so as to give rise to any claims asserted by Plaintiff herein, or

13   otherwise. MTC lacks sufficient information or belief to admit or deny the remaining

14   allegations set forth in Paragraph 35 of the Complaint.

15   36.    Paragraph 36 does not contain any factual allegations that are capable

16   of being admitted or denied.

17   37.    Paragraph 37 does not contain any factual allegations that are capable

18   of being admitted or denied.

19   38.    Paragraph 38 does not contain any factual allegations that are capable

20   of being admitted or denied.

21   39.    MTC denies it held Mr. Murillo in solitary confinement.  MTC denies

22   it has engaged in any wrongful conduct so as to give rise to any claims asserted by

23   Plaintiff herein, or otherwise.  The remaining portions of Paragraph 39 does not

24   contain any factual allegations that are capable of being admitted or denied.

25   40.    Paragraph 40 does not contain any factual allegations that are capable

26   of being admitted or denied.

27   41.    MTC denies it has engaged in any wrongful conduct so as to give rise

28   to any claims asserted by Plaintiff herein, or otherwise.

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

10639227.1

7

CASE NO.  3:21-CV-01770-GPC-RBM

42. MTC lacks sufficient information or belief to admit or deny the remaining allegations set forth in Paragraph 42 of the Complaint.

43. MTC lacks sufficient information or belief to admit or deny the remaining allegations set forth in Paragraph 43 of the Complaint.

44. MTC denies it has engaged in any wrongful conduct so as to give rise to any claims asserted by Plaintiff herein, or otherwise. Paragraph 44 does not contain any factual allegations that are capable of being admitted or denied.

45. MTC denies it has engaged in any wrongful conduct so as to give rise to any claims asserted by Plaintiff herein, or otherwise. The remaining portions of Paragraph 45 do not contain any factual allegations that are capable of being admitted or denied.

46. Paragraph 46 does not contain any factual allegations that are capable of being admitted or denied.

47. Paragraph 47 does not contain any factual allegations that are capable of being admitted or denied.

48. Paragraph 48 does not contain any factual allegations that are capable of being admitted or denied.

49. Paragraph 49 does not contain any factual allegations that are capable of being admitted or denied.

## FIRST CAUSE OF ACTION
### First Cause of Action
### Cal. Gov. Code § 7320

50. Paragraph 50 does not contain any factual allegations that are capable of being admitted or denied.

51. MTC admits it is a private detention facility operator.

52. MTC denies it has engaged in any wrongful conduct so as to give rise to any claims asserted by Plaintiff herein, or otherwise.

53. MTC admits the allegations set forth in Paragraph 53 of the Complaint.

1    54.    MTC denies the allegations set forth in Paragraph 54 of the Complaint.

2    55.    MTC denies it has engaged in any wrongful conduct so as to give rise

3    to any claims asserted by Plaintiff herein, or otherwise.

4    56.    MTC denies it has engaged in any wrongful conduct so as to give rise

5    to any claims asserted by Plaintiff herein, or otherwise.

6    57.    MTC denies the allegations set forth in Paragraph 57 of the Complaint.

7    ## SECOND CAUSE OF ACTION

8    ### Negligence

9    58.    Paragraph 58 does not contain any factual allegations that are capable

10   of being admitted or denied.

11   59.    MTC denies it has engaged in any wrongful conduct so as to give rise

12   to any claims asserted by Plaintiff herein, or otherwise.

13   60.    MTC denies the allegations set forth in Paragraph 60 of the Complaint.

14   61.    MTC denies it has engaged in any wrongful conduct so as to give rise

15   to any claims asserted by Plaintiff herein, or otherwise.

16   ## THIRD CAUSE OF ACTION

17   ### Intentional Infliction of Emotional Distress

18   62.    Paragraph 62 does not contain any factual allegations that are capable

19   of being admitted or denied.

20   63.    MTC denies Mr. Murillo was kept in solitary confinement. MTC denies

21   it has engaged in any wrongful conduct so as to give rise to any claims asserted by

22   Plaintiff herein, or otherwise.

23   64.    MTC denies it has engaged in any wrongful conduct so as to give rise

24   to any claims asserted by Plaintiff herein, or otherwise.

25   65.    MTC denies it has engaged in any wrongful conduct so as to give rise

26   to any claims asserted by Plaintiff herein, or otherwise.

27   66.    MTC denies the allegations set forth in Paragraph 66 of the Complaint.

28

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

10639227.1                               9                CASE NO. 3:21-CV-01770-GPC-RBM

67.     MTC denies it has engaged in any wrongful conduct so as to give rise to any claims asserted by Plaintiff herein, or otherwise.  MTC lacks sufficient information or belief to admit or deny the remaining allegations set forth in Paragraph 67 of the Complaint.

68.     MTC denies it has engaged in any wrongful conduct so as to give rise to any claims asserted by Plaintiff herein, or otherwise.

## AFFIRMATIVE DEFENSES

MTC asserts the following affirmative defenses with respect to the purported claims for relief alleged in the Complaint.

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

The Complaint, and each count set forth therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Truth)

Plaintiff claims are barred because MTC has not made any false or misleading statement.

### THIRD AFFIRMATIVE DEFENSE

### (No Intent)

Without admitting that the Complaint states a claim or that MTC engaged in any wrong doing, any purported infliction of emotional distress was made without intent to harm.

### FOURTH AFFIRMATIVE DEFENSE

### (No Causation)

Plaintiff's claims against MTC are barred because Plaintiff's damages, if any, were not caused by MTC.

/././

/././

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

10639227.1

CASE NO.  3:21-CV-01770-GPC-RBM

## FIFTH AFFIRMATIVE DEFENSE

### (No Damage)

Without admitting that the Complaint states a claim, there has been no damage in any amount or manner whatsoever by reason of any act alleged against MTC in the Complaint; the relief prayed for in the Complaint thus cannot be granted.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy At Law)

The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages.  Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## EIGHTH AFFIRMATIVE DEFENSE

### (Duplicative Claims)

Without admitting that the Complaint states a claim or that MTC engaged in any wrong doing, any remedies are limited to the extent that Plaintiff seeks overlapping or duplicative recoveries pursuant to the various claims for any alleged single wrong.

## NINETH AFFIRMATIVE DEFENSE

### (Conduct Not Unlawful, Unfair, or Fraudulent)

Plaintiff's claims are barred because none of the alleged conduct of MTC, or any other conduct by MTC, was unlawful, unfair, or fraudulent.

## TENTH AFFIRMATIVE DEFENSE

### (No Private Right Of Action For Damages)

Plaintiff's claims for damages are barred, in whole or in part, because such claims do not provide a private right of action for damages.

/././

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Remedies)

Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff failed to exhaust his administrative remedies.

## TWELFTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

To the extent Plaintiff is entitled to any recovery for his claims, such recovery should be wholly or proportionally reduced as a result of Plaintiff's own negligence and bad faith conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

MTC reserves the right to amend or add such additional separate affirmative defenses that become available during discovery or at trial, including to conform any such additional defenses that it may have to the evidence as permitted by Federal Rule of Civil Procedure 15(b).

## JURY DEMAND

MTC respectfully demands a trial by jury on all claims and issues so triable.


DATED:  November 5, 2021                    **HIGGS FLETCHER & MACK LLP**

By: _____
                                                         JOHN J. RICE, ESQ.
                                                         N. JESSICA LUJAN, ESQ.
                                                         Attorneys for Defendant
                                                         Management & Training
                                                         Corporation