UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MURILLO VEGA,<br><br>                                    Plaintiff,<br><br>v.<br><br>MANAGEMENT AND TRAINING<br>CORPORATION,<br><br>                                    Defendant. | Case No.:  21cv1770-GPC(LR)<br><br>**ORDER GRANTING IN PART DEFENDANT'S EX PARTE MOTION TO AMEND SCHEDULING ORDER** |

On December 5, 2022, four days before the parties' deadline to designate their respective experts in writing, Defendant filed an *ex parte* application moving the Court to continue this cutoff date for a period of no more than two weeks.  (See ECF No. 68.) Defendant seeks the extension of this deadline on the basis that it has not yet been able to schedule a Rule 35 mental examination of Plaintiff due to scheduling difficulties and miscommunication between the parties about whether Plaintiff would be available for an examination with Defendant's retained expert within the required timeframe for expert disclosures.  (See id. at 2-3.)  On December 6, 2022, Plaintiff filed an opposition to Defendant's *ex parte* motion, citing, *inter alia*, prejudice that would result from the extension of deadlines in this case.  (See ECF No. 69 at 5-6.)

Fed. R. Civ. P. 16(b)(4) allows a schedule to be modified for good cause and with

1

a judge's consent.  Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.  See, e.g., Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 609 (9th Cir. 1992); see also Rich v. Shrader, Civil No. 09-CV-0652-AJB (BGS), 2013 WL 3710806, at *2 (S.D. Cal. July 11, 2013).  Thus, in order to demonstrate good cause, a party must demonstrate its diligence in taking discovery, diligence in propounding or noticing the particular outstanding discovery, and also explain why it could not conduct the particular discovery before the discovery cut off date.  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  Johnson, 975 F.2d at 609.  If that party was not diligent, the inquiry should end.  Id.

Defendant's *ex parte* application makes no showing as to why Plaintiff's Rule 35 examination could not have been conducted earlier, given that the parties have been engaged in discovery for months.  Based on scheduling conflicts and the parties' continued miscommunication, however, the Court finds good cause to permit a brief extension of the expert disclosure deadline to allow the parties more time to effectively communicate about Plaintiff's mental health examination.  The Court, therefore, **GRANTS IN PART** Defendant's *ex parte* application and resets the expert discovery dates as follows:

1.      The parties shall designate their respective experts in writing by **December 19, 2022**.  Pursuant to Fed. R. Civ. P. 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts shall be by **December 30, 2022**.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

2.      By **December 19, 2022**, each party shall comply with the disclosure

provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

3.     Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **December 30, 2022**.

All other discovery deadlines remain unchanged.  The parties are cautioned that *ex parte* applications of this nature—filed shortly before the deadline and reflecting clear miscommunications or the refusal to meet and confer in good faith—will be strongly disfavored in the future.

**IT IS SO ORDERED.**

Dated:  December 8, 2022

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge

21cv1770-GPC(LR)