UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CARLOS MURILLO VEGA,

Plaintiff,

v.

MANAGEMENT AND TRAINING CORPORATION,

Defendant.

Case No.:  21cv1770-GPC(LR)

**ORDER GRANTING IN PART JOINT MOTION TO AMEND SCHEDULING ORDER**

Currently before the Court is the parties' "joint motion to amend scheduling order regarding discovery deadlines," in which the parties ask the Court to grant "a two-week extension of the deadlines for completion of Rule 30(b)(6) depositions, supplemental expert disclosures, the expert-discovery cut-off, and the pretrial motions deadline."  The Joint Motion is based primarily on scheduling difficulties experienced by a Rule 30(b)(6) witness Defendant designated, the limited availability of Plaintiff's expert related to his Rule 35 mental examination, and the limited remaining time for the parties to exchange expert disclosures.  (See ECF No. 72 ("Joint Mot.") at 4.)

A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  This good cause standard "primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial

21cv1770-GPC(LR)

schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "If that party was not diligent, the inquiry should end." Id.

The declaration attached to the Joint Motion notes that the parties met and conferred three times since the Court's order on the parties' Joint Discovery Motion and reflects a mutual agreement to a two-week extension of the Rule 30(b)(6) depositions and expert-related deadlines to account for scheduling difficulties during the month of December. (See ECF No. 72-1, Lily Kim Decl., at 1.) Although good cause exists to extend these deadlines, the Court declines to extend the pretrial motion filing cutoff. Accordingly, the Court **GRANTS IN PART** the parties' Joint Motion. The discovery deadlines are modified as follows and all other deadlines remain unchanged:

1.    Defendant's Rule 30(b)(6) depositions must be completed by **January 13, 2023**. All other requirements and guidelines from the Court's previous Order on the parties' Joint Motion for Determination of Discovery Disputes, (ECF No. 67), remain in effect.

2.    Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **January 13, 2023**.

3.    All expert discovery shall be completed by all parties by **February 6, 2023**. Failure to comply with the procedures set forth in the Court's previous orders regarding expert discovery may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

**IT IS SO ORDERED.**

Dated:  December 20, 2022

Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge

21cv1770-GPC(LR)