UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MURILLO VEGA,<br><br>                              Plaintiff,<br><br>v.<br><br>MANAGEMENT AND TRAINING CORPORATION,<br><br>                              Defendant. | Case No.:  21cv1770-GPC(LR)<br><br>**ORDER RESETTING FOLLOW-UP SETTLEMENT CONFERENCE** |

On April 19, 2023, the Court vacated the previously scheduled follow-up Settlement Conference ("SC") in this case.  (ECF No. 88.)  After conferring with the parties, the Court **RESETS** the SC for **May 25, 2023**, at **9:30 a.m.** before Magistrate Judge Lupe Rodriguez, Jr. to be hosted through the Court's ZoomGov account.  All discussions at the SC will be informal, off the record, privileged, and confidential.  The following rules and deadlines apply:

1.     **Personal Appearance of Parties Required:** All named parties (including those who are indemnified by others), party representatives, including claims adjusters for insured defendants, as well as the principal attorney(s) responsible for the litigation, must participate in the video conference, and be legally and factually prepared to discuss and resolve the case at the SC.  Counsel appearing without their clients will be cause for

immediate imposition of sanctions and may also result in the immediate termination of the conference.

2.   **Full Settlement Authority Required:** A party or party representative with full settlement authority[1] must be present at the conference.  Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter a settlement.

3.   Before the SC, the Court will e-mail each participant an invitation to join a Zoom video conference.  If the participants at the SC will differ from those at the March 29, 2023, MSC, counsel for each party shall send an e-mail to the Court containing the name, title, and contact information of each participant by **May 18, 2023**.

**IT IS SO ORDERED.**

Dated:  April 25, 2023

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485–86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face-to-face conference. Id. at 486.  A limited or a sum certain of authority is not adequate. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595–97 (8th Cir. 2001).

21cv1770-GPC(LR)